UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROSALIA ARREOLA LOPEZ (A-Number: 074-218-712),

Plaintiff,

v.

WARDEN, CALIFORNIA CITY, et al.,

Defendant.

No. 1:26-cv-03055-KES-EPG (HC)

ORDER GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Doc. 20

Petitioner Rosalia Arreola Lopez is a federal immigration detainee with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Among other arguments, petitioner asserts that her prolonged detention violates the Due Process Clause of the Fifth Amendment. Doc. 20 at 5. For the reasons set forth below, the petition is granted on that claim.[1]

## I. BACKGROUND

Petitioner is a citizen of Mexico who has been a lawful permanent resident of the United States since March 27, 1996. Doc. 12-1 at 2–3. Her husband and four children are all United States citizens. *Id.* In 2013, petitioner was convicted of felony welfare fraud and was sentenced to 90 days in jail and 3 years of probation. *Id.* at 3; *see* Doc. 20 at 4.

[1] As petitioner is entitled to the relief she seeks in the petition based on her prolonged detention claim at Count I, *see* Doc. 20, this order need not address petitioner's remaining arguments.

On February 9, 2026, petitioner reentered the United States after a short trip to Mexico. Doc. 12-1 at 2. Officials at the Oakland International Airport detained her based on her past conviction, and she has been in custody since that date. *See id.*; Doc. 12 at 1; Doc. 20 at 2. She requested a custody redetermination, but an immigration judge denied the request on March 10, 2026, finding a lack of jurisdiction because petitioner was an arriving alien. Doc. 12-3.

Petitioner then filed a writ of habeas corpus and a motion for a temporary restraining order with this court. Docs. 1, 2, 9, 10. The petition claimed that respondents violated the Constitution by detaining petitioner without a hearing. Doc. 9 ¶¶ 51, 56. Respondents argued that they had detained prisoner under 8 U.S.C. § 1226(c) because she had committed a crime of moral turpitude, and that her detention under that provision did not require a hearing. Doc. 12 at 2–3. The court found that petitioner had not shown that her due process claim would likely succeed and denied her motion for a temporary restraining order. Doc. 14.

The Monterey County Superior Court subsequently reduced petitioner's felony to a misdemeanor. Doc. 20 at 4. Petitioner submitted another amended petition and motion for a preliminary injunction arguing this change in status undermined the basis for her detention. Doc. 20 at 4–5; 21 at 4. She also now argues that her detention without a hearing—which has now lasted for eight months—has become unduly prolonged, violating the Constitution regardless of whether her detention was initially valid under section 1226(c). Doc. 20 at 5–6; Doc. 21 at 4–5.

Respondents argue that petitioner "does not appear to have requested a hearing in immigration court pursuant to *Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999)," where "an immigration judge could consider in the first instance petitioner's potential eligibility for bond based on her allegation of changed circumstances." Doc. 23 at 1. Respondents did not address petitioner's prolonged detention claim.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C.

§ 2241(c)(3). A writ of habeas corpus is a critical check upon the executive power, ensuring that individuals are not detained "except in accordance with law." *Hamdi*, 542 U.S. at 525 (citing *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). The "traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The district court has jurisdiction over challenges to immigration-related detention pursuant to 28 U.S.C. § 2241. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3)).

## III. DISCUSSION AND ANALYSIS

The court finds that petitioner's now eight-month detention without a bond hearing violates the Due Process Clause of the Fifth Amendment for two reasons. First, the respondents waived any argument to the contrary by failing to address the issue of prolonged detention in their response brief. *See United States v. Caceres-Olla*, 738 F.3d 1051, 1054 n.1 (9th Cir. 2013); *United States v. Cabrera*, 796 F. Supp. 3d 660, 664 (S.D. Cal. 2025). Second, petitioner is correct on the merits.

The Due Process Clause of the Fifth Amendment prohibits the government from depriving an individual of life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The due process clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693.

Respondents claim petitioner is detained under Section 1226(c), which applies to noncitizens who are "deportable or inadmissible based on a qualifying, enumerated offense." *Avilez v. Garland*, 69 F.4th 525, 530 (9th Cir. 2023). Detention under Section 1226(c) is mandatory and under this statute, "a noncitizen is not statutorily entitled to a bond hearing." *Id.* In *Demore v. Kim*, the Supreme Court upheld 8 U.S.C. § 1226(c) on a facial challenge. *Demore v. Kim*, 538 U.S. 510, 523 (2003). *Demore* emphasized that in the "majority of cases," Section 1226(c) detention "lasts for less than . . . 90 days" and that in the 15% of cases involving appeals, that additional process "takes an average of four months." *Id.* at 529. *Demore* rejected the petitioner's claim that it was facially unconstitutional to detain a noncitizen for this "brief period." *Id.* at 523.

But "[d]ue process protections do not disappear simply because mandatory detention

under Section 1226(c) is at least initially permissible." *Doe v. Becerra*, 732 F. Supp. 3d 1071, 1079 (N.D. Cal. 2024). *Demore* rejected a facial challenge to Section 1226(c), and to prevail on such a challenge, a plaintiff must show that a statute is "unconstitutional in every conceivable application." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998). In contrast, an as-applied challenge requires a plaintiff to show only that "the application of the statute to a specific factual circumstance" is unconstitutional. *Hoye v. City of Oakland*, 653 F.3d 835, 857 (9th Cir. 2011).

As other courts have explained in considering *Demore*, its conclusion that Section 1226(c) is constitutional in some of its applications "does not mean that the Court does not have the power to grant petitions for habeas corpus raising *as-applied* constitutional challenges to [Section 1226(c)] detention . . . ." *Perera v. Jennings*, 598 F. Supp. 3d 736, 744 (N.D. Cal. 2022); *see also German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 208–10 (3d Cir. 2020) (noting that *Demore* involved a facial challenge and did not foreclose as-applied challenges); *Black v. Decker*, 103 F.4th 133, 149 & n.22 (2d Cir. 2024).

Petitioner brings such an as-applied challenge, arguing that her now eight-month detention has become unreasonably prolonged in violation of the Due Process Clause. Procedural due process claims are analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

**A. Liberty Interest**

Petitioner has a clear liberty interest in securing her freedom from detention. "Protected liberty interests 'may arise from two sources—the Due Process Clause itself and the laws of the States.'" *Thompson*, 490 U.S. at 460 (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). Petitioner's interest arises directly from the Due Process Clause. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see*

*Foucha v. Louisiana*, 504 U.S. 71, 86 (1992) ("Freedom from physical restraint [is] a fundamental right[.]").

The Ninth Circuit has recognized that § 1226(c) detainees have a "liberty interest" in "freedom from prolonged detention," *Singh v. Holder*, 638 F.3d 1196, 1204–05 (9th Cir. 2011), and other courts in this circuit have recently held that a noncitizen "has a protected liberty interest in avoiding prolonged detention that has not been justified," *Maria v. Warden*, No. 1:26-CV-03957-TLN-CKD, 2026 WL 2070039, at *2 (E.D. Cal. July 17, 2026); *Shehata v. Chestnut*, No. 1:26-CV-02840-DJC-SCR, 2026 WL 1257227, at *3 (E.D. Cal. May 7, 2026), *report and recommendation adopted*, No. 1:26-CV-02840-DAD-SCR, 2026 WL 1712600 (E.D. Cal. June 12, 2026) ("Petitioner has a strong liberty interest in avoiding prolonged detention without any bond hearing[.]").

Here, respondents are detaining petitioner under Section 1226(c).[2] Doc. 12 at 1. Petitioner has therefore established a liberty interest.

**B. Necessary Procedures**

Courts in this circuit have taken a variety of approaches to decide whether due process requires a bond hearing in a particular immigration detention case. *See, e.g.*, *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying the *Mathews* test to determine whether a noncitizen detained pursuant to 8 U.S.C. § 1226(a) was entitled to a second bond hearing); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) (considering "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government" in the § 1226(c) context); *Banda*, 385 F. Supp. 3d at 1117 (W.D. Wash. 2019) (considering six factors, including "the likelihood that the removal proceedings will result in a final order of removal," in the § 1225(b) context).

///

///

[2] The immigration judge who reviewed petitioner's request for a custody redetermination declined jurisdiction because petitioner was an "arriving alien," Doc. 12-3, suggesting that the judge may have instead believed petitioner was detained under Section 1225(b), *see* 8 U.S.C. § 1225(b) (providing for the removal of arriving aliens). But respondents have waived any such argument by maintaining only that petitioner is detained under Section 1226(c). *See* Doc. 12 at 1.

In *Mathews v. Eldridge*, the Supreme Court held that "identification of the specific dictates of due process generally requires consideration of three distinct factors":

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. 319, 335 (1976).

The Ninth Circuit has found that "*Mathews* remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." *Rodriguez Diaz*, 53 F.4th at 1206. Courts in the district have frequently applied the *Mathews* factors in the context of a noncitizen detained pursuant to § 1226(c) for a prolonged period. *See, e.g.*, *Christian Medina Guel v. Chestnut*, No. 1:26-CV-0426-DAD-DMC-HC, 2026 WL 2267924, *3 (E.D. Cal. Aug. 6, 2026); *Rafael P. v. Warden of the Golden State Annex Detention Facility*, No. 1:25-cv-1738-DAD-JDP, 2026 WL 534408, *3 (E.D. Cal. Feb. 26, 2026); *Flores Jimenez v. Andrews*, No. 1:25-cv-01104-KES-HBK, 2026 WL 1040948, *3–4 (E.D. Cal. Apr. 16, 2026). Accordingly, the court will apply the *Mathews* test.

**1. Petitioner's Private Interest**

The Ninth Circuit has held that it is "beyond dispute" that a noncitizen's private interest is "fundamental: freedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). And "an individual's private interest in 'freedom from prolonged detention' is 'unquestionably substantial.'" *Rodriguez Diaz*, 53 F.4th at 1207 (citing *Singh*, 638 F.3d 1196, 1204–05). As petitioner has already been detained eight months without a bond hearing, the first factor weighs in petitioner's favor.

**2. Risk of Erroneous Deprivation**

The purpose of immigration detention is to protect the community from dangerous noncitizens and prevent noncitizens from fleeing. *See Zadvydas*, 533 U.S. at 690. "In evaluating the risk of erroneous deprivation in the context of noncitizen detention, the Ninth Circuit has

looked to whether the detainee has a statutory right to procedural protections, such as individualized custody determinations and the right to seek additional bond hearings throughout detention." *Eliazar G.C. v. Wofford*, No. 1:24-cv-01032-EPG-HC, 2025 WL 711190, *6 (E.D. Cal. Mar. 5, 2025) (citation and internal quotations omitted) (citing *Rodriguez Diaz*, 53 F.4th at 1209–10). Under § 1226(c), petitioner does not have the statutory right to a bond hearing to determine whether she is a flight risk or a danger. *Avilez*, 69 F.4th at 530. "As additional procedures are not mandated under § 1226(c), the risk of erroneous deprivation as [p]etitioner's time in detention lengthens is not insignificant." *Eliazar G.C.*, 2025 WL 711190, *7. As petitioner has not received any procedural opportunity to address danger and flight risk issues while she has been detained for eight months pending removal proceedings, there is considerable risk of erroneous deprivation.

**3. Government's Interest**

Regarding the third factor, "the government clearly has a strong interest in preventing aliens from 'remain[ing] in the United States in violation of our law'" and "has an obvious interest in 'protecting the public from dangerous criminal aliens.'" *Rodriguez Diaz*, 53 F.4th at 1208 (quoting *Demore*, 538 U.S. at 518). But the "government interest at stake here is not the continued detention of [p]etitioner, but the government's ability to detain [her] without a bond hearing." *Zagal-Alcaraz v. ICE Field Off.*, No. 3:19-cv-01358-S, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020). And "[c]ourts generally have found that the cost of providing a bond hearing is relatively minimal, and there is nothing in the record . . . demonstrating that providing [p]etitioner with a bond hearing would be fiscally or administratively burdensome." *Eliazar G.C.*, 2025 WL 711190, *8. The third factor weighs in petitioner's favor.

In summary, the *Mathews* factors weigh in favor of petitioner. Accordingly, petitioner is entitled to a bond hearing.

**C. Exhaustion of Administrative Remedies.**

Respondents argue that petitioner must exhaust her administrative remedies before seeking relief from this court. Doc. 23. But the requirement that habeas petitioners first exhaust their administrative remedies is a prudential one, *see Puga v. Chertoff*, 488 F.3d 812, 815 (9th

Cir. 2007), and should be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void," *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Irreparable injury includes "being detained for months without a bond hearing, and where several additional months may pass before the BIA renders a decision on a pending appeal." *Scott v. Wamsley*, No. 2:25-CV-1819, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025), *reconsideration denied*, No. 2:25-CV-1819, 2026 WL 83971 (W.D. Wash. Jan. 12, 2026).

Here, petitioner has been detained for eight months without a bond hearing. She would likely face multiple additional months of detention without a hearing were she forced to restart the process in immigration court. This meets the bar for irreparable injury. The court therefore waives the exhaustion requirement.

## IV. CONCLUSION AND ORDER

The Court ORDERS:

1. The first amended petition for writ of habeas corpus, Doc. 20, is GRANTED.
2. Respondents are ORDERED to provide petitioner Rosalia Arreola Lopez (A-Number: 074-218-712) with a bond hearing before an immigration judge to be held within fourteen (14) days that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), at which:
    a. "the government must prove by clear and convincing evidence that petitioner is a flight risk or a danger to the community to justify denial of bond," *Singh*, 638 F.3d at 1203, and
    b. the immigration judge should consider petitioner's financial circumstances or alternative conditions of release in the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.

///

///

///

3. The Clerk of Court is directed to terminate all remaining pending motions (Docs. 15, 16, 21), and to close this case.

IT IS SO ORDERED.

Dated: October 19, 2026

UNITED STATES DISTRICT JUDGE